**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**BRIGHTVIEW LANDSCAPES, LLC** **PLAINTIFF**

**V.** **CAUSE NUMBER: 3:26-cv-240-JDM-RP**

**MICHAEL LITTLE** **DEFENDANT**

**ORDER DENYING**
**TEMPORARY RESTRAINING ORDER**

On August 21, 2026, Brightview Landscapes, LLC, filed a verified complaint against former employee Michael Little. [1] The complaint alleges that Little, following his involuntary termination, began working for a competitor business in violation of the non-compete agreement Little had signed. According to the complaint, Little has already lured away two former customers. On August 24, 2026, Brightview filed a Motion for Temporary Restraining Order (TRO) and Motion for Preliminary Injunction. [2] Among other requests, the motion asks this court to immediately enjoin Little from continuing his employment with the competitor business until its motion for preliminary injunction can be heard.

A preliminary injunction is already an extraordinary remedy that can only be granted if the plaintiff carries its burden to show a "(1) substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). But when a plaintiff like Brightview seeks an *ex parte* TRO—issued before Little has even been served with the complaint or had an opportunity to

respond to the preliminary-injunction motion—the avenue for relief becomes much more narrow.[1] Not only must Brightview prove all four *Canal Authority* requirements, but also its TRO motion must "must comply with Federal Rule of Civil Procedure 65(b)(1)[.]" *Brookville Schoolhouse Rd. Ests., LLC v. City of Starkville*, No. 1:21-CV-135-SA-RP, 2021 WL 3891069, at *2 (N.D. Miss. Aug. 30, 2021) (citation omitted).

Under Rule 65(b)(1), the Court may issue an TRO without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1). Rule 65(b)'s "specific requirements . . . are not mere legal niceties." *Ronaldo Designer Jewelry, Inc. v. Cox*, No. 1:17-CV-2-DMB-DAS, 2017 WL 11768428, at *2 (N.D. Miss. Jan. 19, 2017) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324 (7th Cir. 1984)). "They are strongly worded mandatory provisions." *Id.* So they "must be strictly complied with." *Id.* (quoting *Com. Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972)). "Indeed, Rule 65(b)'s 'stringent restrictions' regarding 'the availability of . . . temporary restraining orders [without notice] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an

[1] The record shows that Little has yet to be served with the complaint or otherwise appear in this action. The memorandum supporting the motion contends Little has been notified through "private process." And at the end of both the motion and supporting memo, there is a certificate of service that copies of the motion and memo have been served upon Little via hand delivery and/or electronic mail. But Brightview takes the position that no notice should be required for it to receive a TRO. And its motion makes clear that Brightview seeks an immediate temporary restraining order, issued before Little has the opportunity to respond to its preliminary-injunction motion. So "the Court must construe [Brightview's] request as one for a temporary restraining order without notice. *Brookville Schoolhouse Rd. Ests., LLC v. City of Starkville*, No. 1:21-CV-135-SA-RP, 2021 WL 3891069, at *2 (N.D. Miss. Aug. 30, 2021).

opportunity to be heard has been granted both sides of a dispute.'" *Id.* (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)).

With this strict standard in mind, the Courts finds Brightview's TRO motion must be denied. While the verified complaint alleges Little's violation of the non-compete clause has led to financial loss for Brightview, neither the complaint nor TRO motion present specific facts to show "*immediate* and *irreparable* injury" will occur if the Court does not constrain Little before he has an opportunity to respond and present his side of the story. FED. R. CIV. P. 65(b)(1)(A) (emphasis added). The Court also finds counsel's certificates of service tagged onto the end of the motion and memo do not meet Rule 65(b)(1)(B)'s strict and mandatory requirement that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B) (emphasis added). *See Brookville Schoolhouse Rd. Ests.*, 2021 WL 3891069, at *2 (denying *ex parte* TRO motion for failure to strictly comply with Rule 65(b)(1)(B)).

For these reasons, the Court **DENIES without prejudice** Brightview's request for a temporary restraining order. [2] And because the TRO is denied, the Court **DENIES as moot** Brightview's request that the Court set a preliminary-injunction hearing "within thirty (30) days of the date of the restraining order." The Court will hold in abeyance ruling on Brightview's Motion for Preliminary Injunction until Little has been properly served with the complaint and has had the opportunity to respond to the preliminary-injunction motion.

**SO ORDERED**, this the 26th of August, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI